UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CHAD MICHAEL BELL,

Plaintiff,

v.

BRADY THOMAS, et al.,

Defendants.

CAUSE NO. 1:26-CV-70-PPS-APR

OPINION AND ORDER

Chad Michael Bell, a prisoner without a lawyer, filed an amended complaint against three defendants alleging he could not make calls on his cell block's wall phones for four months and had no phone access for six days while in disciplinary detention at the DeKalb County Jail. ECF 5. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bell has been housed at the DeKalb County Jail since October 30, 2025, where he claims he was not able to make calls from the wall phones in his cell block for four months. ECF 5 at 2-3. In mid-December 2025, he sent a request via the jail's kiosk asking for help with accessing the wall phones. *Id*. at 2. Shortly thereafter, Bell was taken to the

jail's booking area to reset his "voice.".[1] *Id*. However, this attempt failed, and the issue

persisted. *Id*. Bell asked several officers from different shifts to assist with the phone

issue. *Id*. He also submitted multiple requests to Lt. Zach Shifflett and Cpt. J. Carpenter,

but the problem was not resolved. *Id*. Bell asserts he told jail staff that he was filing a

lawsuit about the phone situation. *Id*.

Bell next contends that, while he was housed in disciplinary detention from

February 2, 2026 to February 8, 2026, he had no phone access at all. *Id*. He asserts his

phone privileges should not have been suspended because he did not violate a jail rule.

*Id*. at 2-3. Bell filed a grievance on February 7, 2026, and was again taken to the booking

area. *Id*. at 3. The next day, on February 8, 2026, the phone issue was finally resolved. *Id*.

Bell asserts his constitutional rights were violated because he could not access his cell

block's wall phones for four months and had no phone access at all for six days.

Prisoners have a First Amendment right to communicate with individuals

outside the prison, but it is not an unqualified right. *See Thornburgh v. Abbott*, 490 U.S.

401, 407 (1989); *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994). The Court of

Appeals for the Seventh Circuit has expressed doubt about whether restrictions on

telephone access implicate the First Amendment:

> Although the telephone can be used to convey communications that are protected by the First Amendment, that is not its primary use and it is extremely rare for inmates and their callers to use the telephone for this purpose. Not to allow them access to a telephone might be questionable on other grounds, but to suppose that it would infringe the First Amendment would be doctrinaire in the extreme, *United States v. Footman*,

---

[1] Bell explains he was taken to the booking area to reset his "voice." ECF 5 at 2. The crux of the complaint is that he could not make phone calls, so I do not interpret "voice" to mean his voicemail, but I understand this reset to be necessary for him to make phone calls on the wall phones.

215 F.3d 145, 155 (1st Cir. 2000), though the Ninth Circuit disagrees. *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam).

*Arsberry v. Illinois*, 244 F.3d 558, 564–65 (7th Cir. 2001). *See also Boriboune v. Litscher*, 91 Fed.Appx. 498, 499 (7th Cir. 2003). The courts that have recognized a First Amendment right to telephone access have held that it may be limited under *Turner v. Safley*, 482 U.S. 78 (1987). *See Lashbrook v. Hyatte*, 758 F. App'x. 539, 541 (7th Cir. 2019) (acknowledging that the First Amendment permits reasonable telephone restrictions related to legitimate penological concerns even when the calls at issue are with counsel); *Boriboune*, 91 F.App'x. at 499 (citing *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000)). In the context of the First Amendment, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89; *Kaufman v. McCaughtry*, 419 F.3d 678, 682–83 (7th Cir. 2005).

Bell's allegations are too vague to state a claim under the First Amendment. As discussed, Bell alleges he was not able to make phone calls using the wall phones in his cell block for four months. However, he does not indicate if he had access to other phones at the jail. Nor does he allege that he had no alternative means for communicating with individuals outside prison. *See Turner*, 482 U.S. at 90.

To the extent Bell had no phone access at all for the six days in disciplinary detention, he does not have a constitutional claim. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend XIV, § 1. However, an inmate is entitled to due process protections only when a prison policy poses an "atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Bell does not allege facts sufficient to show the restriction at issue here amounts to an atypical and significant hardship. *See Hadley v. Peters*, No. 94–1267, 1995 WL 675990, at *8 (7th Cir. 1995) ("The denial of telephone privileges for ten days is not a matter of constitutional dimension.")

Bell has sued three defendants in this case: Sheriff Brady Thomas, Lieutenant Shifflett, and Captain Carpenter. To the extent he has sued Sheriff Thomas, liability under 42 U.S.C. § 1983 is based on personal responsibility and the Sheriff cannot be held liable merely because of his supervisory position. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory officials, however, can be held liable for a constitutional violation only if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019) (discussing standard for supervisory liability under § 1983). Because Bell does not allege that Sheriff Thomas personally knew he did not have access to the wall phones in his cell block for four months and had no phone access for six days, I will not allow him to proceed here.

Furthermore, Bell has sued Lieutenant Shifflett and Captain Carpenter, but other than asserting he sent them requests about accessing the wall phones, he does not describe each defendant's involvement in the events in this case. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596. Bell's allegations are too vague for me to determine if these two defendants were personally liable for the alleged violations.

4

This amended complaint does not state a claim for which relief can be granted. In an abundance of caution, I will give Bell another chance to state a claim based on (and consistent with) the events described in his amended complaint. He may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Chad Michael Bell until **August 10, 2026**, to file a second amended complaint; and

(2) CAUTIONS Chad Michael Bell that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED**.

ENTERED:  July 9, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT